## Continental Insurance Company v. Farlan.

(Decided April 19, 1927.)

### Appeal from Lyon Circuit Court.

1.  Insurance.—Policy holder could not avoid responsibility for representations made in application for fire insurance, which he signed, by merely saying he could not read and did not understand contents, in absence of fraud or mistake.

2.  Insurance.—Insured's representation that property was free of incumbrance, where in fact no part of purchase price was paid, was material to risk, and avoided fire policy, which provided that in case of false statement in application or if applicant were not owner the policy should be void.

3.  Insurance.—Fire insurance policy on farm buildings, household goods, and crop could not be separated, but misrepresentations as to incumbrances on the land avoided the policy in its entirety.

GORDON & LAURENT and N. W. UTLEY for appellant.

HODGES & JAMES and JOHN C. GATES for appellee.

OPINION OF THE COURT BY JUDGE LOGAN—Reversing.

In January, 1925, the appellee purchased 44 acres of land in Lyon county at a commissioner's sale on which was located a house and barn. The price which he agreed to pay was $305. He executed bond for the purchase

money in the usual form with a lien retained on the land to secure the payment of the purchase money. On the 25th day of April, 1925, he made an application to appellant through its local agent for a policy of insurance on the house and barn and also his household and kitchen furniture and certain farm products that he had placed in his barn. He applied for insurance in the amount of $400 on the house, $150 on the barn, $200 on his household and kitchen furniture, and $150 on his farm products. The application was forwarded to the home office of the company at Chicago, and on May 6, 1925, the policy was issued and was sent to the local agent of the company on May 11, 1925, and shortly thereafter delivered to the appellant. The property was all destroyed by fire in June, 1925. Proofs of loss were made out and submitted to appellant, but it refused to pay the loss and this suit resulted.

Appellant, for avoidance of its liability on the policy, relies on this provision found in the policy:

"This indemnity contract is based upon the valuation and representation contained in the assured's application and diagram of even number herewith, which the assured has signed and permitted to be submitted to the company and which are hereby made a warranty and a part hereof; and it is stipulated and agreed that if any false statements are made in said application or otherwise, . . . or if the assured shall not be the sole and unconditional owner in fee of said property, . . . then in each and every one of the above cases this policy shall be null and void."

It is insisted by appellant that appellee made false representations in his application for the policy in that he represented the value of the house to be $800, the value of the barn to $300, and that there was no incumbrance against the property, and that these representations were material to the risk. Appellee in his reply denied that he made any such representations. There is no attempted plea of waiver or estoppel, and probably there could be none, as this is not a case where the insurance agent had authority to complete the contract by the execution and issual of the policy. He could only take the application and forward it to his company, and the company issued the policy based on the representations found in the application. If these representations

were false and material appellant cannot recover, and that is the only question before us for consideration.

The proof in the case is uncontradicted that the representations were material. That they were made is shown by the application, which is signed by appellee. He attempts to avoid responsibility for the representations by saying that the agent made out the application and that he signed it without knowing what was in it. He gives as a reason for signing it without the knowledge of its contents by offering the excuse that he could neither read nor write. It may be that this is true. However, he did sign his name to the application, as he admits. There is neither plea of fraud nor mistake, and he could not attack the answer in his application without such a plea.

Laying all of that to one side, however, and taking his own admission as to the falsity of the representations in his application, we find that he admits that he told the agent there was no lien or incumbrance against the property when in truth and in fact he had not paid one cent of the purchase money. The application which he made states that there was no incumbrance against the property. It seems to us that it is material to the risk in a case where nothing whatever has been paid on the purchase price for the property and when the incumbrance against it represents the total amount which the insured was to pay for the property. It is not a question of whether he knew of the falsity of the representation. It is only necessary to show that the representation was false and that it was material to the risk. It is shown by uncontradicted proof that the representation was material to the risk, and it necessarily must be so. When a man makes an application for insurance on his property it is his duty to make the fullest disclosure of every element which may affect the risk. This is true whether inquiry is made about such elements by the agent; but in this instance appellee admits that he did not disclose to the agent that the purchase money was unpaid and that it constituted a lien against the property.

The court should have sustained the motion for a peremptory instruction to find for appellant. The household goods were in the house which was insured and the farm products were in the barn, and there is no way to separate the insurance and say that a part of it was valid and a part invalid.

Judgment is reversed and cause remanded for proceedings consistent with this opinion.